UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE


| | | |
|---|---|---|
| CHARLES PHILLIPS, *ET UX*. | ) | |
| | ) | |
| v. | ) | NO. 2:04-CV-430 |
| | ) | |
| MARTIN WHITE, *ET UX*. | ) | |
| | ) | |

**O R D E R**

The plaintiffs' complaint is before the Court on the plaintiffs' motion to remand. [Doc. 8]. The plaintiffs originally brought this action in the Chancery Court for Cocke County, Tennessee, seeking damages of $11,257.00 plus finance charges, interest and costs arising out of a contract for the construction of a home for the defendants in Cocke County. The defendants filed a notice of removal and, and immediately thereafter, a counter-claim alleging that the plaintiffs are guilty of fraud, intentional and negligent misrepresentation, and breach of contract resulting in damages in excess of $75,000.00. The defendants allege that the plaintiffs, despite their agreement to do so, failed to purchase a builders risk insurance policy on the residence, and the residence was completely destroyed by fire prior to the defendants taking possession of the property.

It is admitted that there is diversity of citizenship between the parties, but the

plaintiffs contend that since their complaint seeks less than $75,000.00 in damages, this Court does not have jurisdiction over their claim. In contrast, the defendants argue that their counter-claim, the ad damnum of which does exceed $75,000.00, may be considered by the Court in determining whether the matter in controversy exceeds the sum or value of $75,000.00 for purposes of satisfying the diversity jurisdiction requirements. The issue of whether a Court may consider damages alleged in a compulsory counter-claim for purposes of determining the amount in controversy has not been addressed by the Sixth Circuit. While there are district court opinions within the Sixth Circuit addressing this issue, there is a divergence of opinion.

Defendants, not surprisingly, rely upon *Swallow & Associates v. Henry Molded Products, Inc.*, 794 F. Supp. 660 (E.D. Mich. 1992), in which the district court considered the damages pled in a compulsory counter-claim for purposes of determining the amount in controversy, finding that consideration of the damages pled in the counter-claim "avoids the ridiculous result that would sacrifice the choice of forum of the litigant with the greater monetary interest at stake."

Plaintiffs also cite to a district court decision which is likewise on point, *Maloan v. Bancorpsouth Bank, Inc.*, 2002 W.L. 1397266 (W.D. Tenn. 2002), in which the Western District of Tennessee declined to consider a counter-claim in

2

determining whether the amount in controversy requirement had been met. The *Maloan* court, while recognizing the concerns of the *Swallow* court that granting remand would make federal court jurisdiction dependent upon a race to the courthouse, weighed this concern against the Congressional intent to limit removal jurisdiction, and Sixth Circuit precedent that the amount in controversy is determined as of the time the action is commenced, and found remand to be the appropriate disposition.

While this Court has reservations about whether remand is consistent with the Congressional intent behind the removal statute, it cannot ignore the clear Sixth Circuit precedent that the determination of federal jurisdiction in a diversity case is made at the time of removal. *See E.G. Sanford v. Gardenour*, 2000 W.L. 1033025 (6th Cir. 2000). Obviously, at the time of removal, all the Court has before it for purposes of determining jurisdiction is the plaintiffs' complaint, with its allegations of diversity of citizenship and damages. While the plaintiffs allege diverse citizenship, clearly the damages alleged are not sufficient to meet the jurisdictional requirements. "Generally a civil case barred in a state court may be removed by a defendant to federal court if it could have been brought there originally." *Rogers v. Wal-Mart Stores, Inc.*, 230 F. 3d 868, 871 (6th Cir. 2000). There is no question that the plaintiffs' complaint could not have originally been brought in federal

court pursuant to 28 U.S.C. § 1332, as it would not satisfy the requirements of the statute. Accordingly, since the plaintiffs' action could not originally have been filed in this Court, the Court finds that it does not have jurisdiction over the action. Thus, it is hereby **ORDERED** that the plaintiffs' complaint is **REMANDED** to the Chancery Court for Cocke County, Tennessee.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE